UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
NOV 09 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-532-GWU

IDA L. WILSON, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to

1

> Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

Wilson

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

3

Wilson

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford

4

or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency

6

may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Wilson suffered from right knee chondromalacia, a major depressive disorder and an anxiety-related disorder. (Tr. 20, 24). The impairments associated with these conditions, he believed, limited the plaintiff to sedentary work, with the following non-exertional limitations: (1) an inability to stand more than two hours in an eight hour day, one hour at a time, and (2) an ability to handle routine, object-focused settings only (Tr. 24). Based on vocational expert (VE) identification of jobs for this vocational profile, the plaintiff was deemed to be "not disabled." (Tr. 23-25).

The mental factors included in the hypothetical factors had been drawn from commentary by a medical reviewer (Tr. 61, 214) and the physical restrictions had been drawn from old 1996 and 1998 statements of B.J. Parsons, a treating orthopedic source (Tr. 388, 390). One major question for review is whether these limitations adequately described the plaintiff's condition.

With regard to the plaintiff's <u>physical</u> condition, the undersigned is not convinced that greater functional restrictions are established by the record. The physical restrictions were drawn, as noted previously, from a treating orthopedic specialist's assessment of the plaintiff's knee condition (Tr. 388, 390). The sedentary level chosen was also compatible with Dr. Betsy Reynolds' commentary following assessment of back complaints. (Tr. 150). L. Douglas Kennedy's vague "significant disability" statement (Tr. 232), assuming that it represents his own opinion as opposed to a recitation of patient history as is the rest of the paragraph in which the statement is contained, is not necessarily incompatible.[1] Medical Reviewer Timothy Gregg's assessment (Tr. 254) certainly indicates no greater restrictions. No work-related functional restrictions are suggested in conjunction with the plaintiff's irritable bowel syndrome (e.g., Tr. 204, 267, 309) and it was noted that the condition could be related to her psychological condition (e.g., Tr. 357).

The plaintiff's major argument, however, concerns the assessment of her mental condition, specifically in the ALJ's focus on the opinions of non-examining medical reviewers, such as Jane Brake (e.g., Tr. 214); significantly, neither Brake

---

[1] Even though the ALJ is required to discuss treating physicians' opinions, the doctrine of harmless error can still apply. <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541 (6th Cir. 2004).

8

Wilson

nor Ed Ross (Tr. 237) provided much commentary about the specific evidence of record.

The patient had a long history of being diagnosed with anxiety or post traumatic stress disorder by various treating sources. (E.g., Tr. 280, 283, 286, 292, 293, 308, 309, 319, 320, 394, 395, 396, 397, 399). The record reveals that the plaintiff was taken off work for six weeks in mid-2002 by P.D. Patel due to her depressive disorder. (Tr. 189). Patel had also listed post traumatic stress disorder and cited a low GAF of 30[2] the month previously (Tr. 192). A psychiatrist evaluating her in late 2003 cited a low GAF of 50 [3]. (Tr. 321). An even lower GAF had been cited by treating sources the previous month. (Tr. 323). Not only was it error for the ALJ not to discuss the treating physician statements in his opinion as per Wilson, but also it could not be said to be harmless error. The non-examiners' opinions, based on an incomplete review of the record and without addressing the treating source

---

[2] A GAF in the range of 40-31 is compatible with an assessment of some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., is unable to work). Diagnostic and Statistical Manual of Mental Disorders (4th Ed.) (DSM-IV).

[3] A GAF in the range of 50-41 is compatible with an assessment of serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders (4th Ed.) (DSM-IV).

9

Wilson

opinions in detail, did not provide a legitimate alternative basis for the decision. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).

In view of the fact that the plaintiff was *physically* limited to no more than sedentary work, as per the Commissioner's own findings and well documented by the evidence, added to the fact that treating source opinions (i.e., GAF levels compatible with an inability to work, or statements otherwise suggesting disability) were not properly rebutted, the case will be remanded for an award of benefits.[4]

This the ___9___ day of November, 2005.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

---

[4] Even though there is obviously no need to rule on the motion to remand aspects of the case, the fact that the Commissioner admitted that subsequently submitted evidence "may document a worsening in Plaintiff's condition" (e.g., Dr. Conner's medical source statement) does not suggest that a remand for further consideration would be in the interests of justice.

10