

**Eastern District of Kentucky**
**FILED**

OCT 2 0 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-532-GWU

IDA L. WILSON,                                           PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

Wilson's counsel originally filed a motion for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412, seeking $100.00 an hour for 10.45 hours of work performed in the 2004 calendar year and $125.00 an hour for 46.55 hours of work performed in the 2005-6 calendar years, as well as expenses of $104.13.[1] Following the receipt of the Commissioner's opposition to this motion, Docket Entry No. 20, Wilson's counsel filed a supplemental petition, Docket Entry No. 22, seeking an additional 10.10 hours, or $1,262.50, for reviewing and responding to the Commissioner's arguments.

## APPLICABLE LAW

---

[1] Adding the individual items listed in the fee petition itself gives a total of 10.45 hours for 2004 and 46.55 hours for 2005. The plaintiff's total of 6.95 hours for 2004 and 38.15 hours for 2005-6 is presumably in error.

1

A court must calculate an award of fees under EAJA "based on prevailing market rates for the kind and quality of the services performed." 28 U.S.C. Section 2412(d)(2). There is a statutory cap of $125.00 per hour for the legal services, but a court is free to award reasonable fees at any hourly rate below the cap. Kerin v. U.S. Postal Service, 218 F.3d 185 (2nd Cir. 2000). Additionally, cost of living and "special factors" may justify increasing the rate above the cap. 28 U.S.C. Section 2412(d)(2). Reasonable fees are those, according to the Supreme Court, "in line with those prevailing in the community for similar services . . . of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984). The definition of community in this context is rather flexible. According to one district court, a court can look to evidence of legal fees charged in the same geographic area for the pertinent area of practice, as well as take judicial notice of the historical fee reimbursement rate in the district. London v. Halter, 134 F.Supp. 2d 940, 941-942 (E.D. Tenn. 2001). The Sixth Circuit Court of Appeals has also discussed "prevailing market rates" as involving the metropolitan area in which another Social Security appeal was brought. Chipman v. Secretary of Health and Human Services, 781 F.2d 545, 547 (6th Cir. 1986). In addition, the Supreme Court has noted that the existence of the statutory cap (currently $125.00) on EAJA fees suggests that Congress thought this amount sufficient reimbursement for lawyers' fees, even if it should happen that "market rates" for all lawyers in the nation were higher. Pierce v. Underwood, 487 U.S. 552, 572 (1988). The burden is on the plaintiff to provide evidence that the rates he requests are in line with appropriate community rates. Blum, 465 U.S. at 895.

2

After the Court considers the prevailing market rate issue, it must next consider whether an increase in the fee level above the cap is justified based on cost of living increases. Begley v. Secretary of Health and Human Services, 966 F.2d 196, 200 (6th Cir. 1992). Adjustments for increases in the Consumer Price Index are left to the discretion of the district court; there will be no abuse of discretion in refusing to award a cost of living-related increase, however, even if cost of living has risen since the EAJA hourly rate levels were set by statute. Id.

In its discretion, a court may also determine to issue an award of fees exceeding the statutory cap if a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher rate. 28 U.S.C. Section 2412(d)(2)(A). However, this term has been fairly narrowly interpreted by the Supreme Court. Pierce v. Underwood, 487 U.S. at 552 (referencing an example of patent attorneys and stating that special factors cannot be applicable to a broad spectrum of litigation). Social Security benefit practice as a whole is not beyond the grasp of a competent practicing attorney and is not necessarily a practice specialty on the level which might justify fee enhancement. Chynoweth v. Sullivan, 920 F.2d 648, 650 (10th Cir. 1990).

## DISCUSSION

The defendant challenges some of the hours and tasks itemized by the plaintiff.

Initially, the item of .75 hours for receipt of a fax on October 25, 2004 would appear to be excessive. This item is described as an affidavit in support of the

3

plaintiff's Motion to Proceed in Forma Pauperis, but time for counsel's contact with a claimant to prepare the affidavit, and the preparation of the motion itself, are covered in the other items listed by counsel. The Court agrees that .75 hours merely for the receipt of a fax is unreasonable and duplicative.

Counsel responds to the Commissioner's objection that he billed 26.4 hours on one day, February 1, 2005, for preparation and filing of his motion for summary judgment and supporting memorandum, by stating that the preparation actually began on January 24th and extended to February 1st. Counsel indicates that he had received the original 435 page transcript on January 14th, and had spent eight hours reviewing it in addition to 26.4 hours preparing his 24 page memorandum and 71 pages of attachments. Although the Commissioner objects to this amount of time as excessive in a "routine" Social Security case, counsel for the plaintiff reasonably points out that the original transcript was incomplete, and his investigation and the attachment of omitted medical records to his original brief was followed shortly by the filing of a supplemental transcript of 67 pages by the Commissioner. It does not appear facially unreasonable that an attorney would spend more hours reviewing a transcript that appeared to be incomplete, and attempting to remedy the deficiencies, than would normally be the case had the defendant supplied a complete transcript. Nevertheless, a total of 36.4 hours to review the transcript and prepare the memorandum represents more than four 8-hour working days, and a reduction to 28 hours (three and one half 8-hour days) is appropriate.

4

Under other headings, it does appear that some of the hours billed prior to the filing of the complaint and motion to proceed in forma pauperis are excessive. After an initial .50 hours on September 27, 2004 to discuss the case with the plaintiff, as well as her financial situation, another 3.50 hours are charged for "contacting claimant with agreement to proceed with appeal with follow-up preparation of affidavit to proceed in forma pauperis and faxing to the law office of Curt Davis for Ms. Wilson's signature." Docket Entry No. 18, p. 5. The need for 3.50 hours merely to "follow-up preparation" of a motion in forma pauperis and faxing the document is excessive, and will be reduced by three hours.

Additionally, one hour is charged in 2004 for "receipt and review of [United States District Court] order dated 11/3/04 granting plaintiff's petition to proceed in forma pauperis with follow-up contact with claimant regarding case status" and .40 hours are charged in 2005 for "receipt and review of [United States District Court] order dated 1/7/05 setting briefing schedule with follow-up." Id., p. 6. A total of 1.4 hours for the review of standard orders granting a motion to proceed in forma pauperis and setting the briefing schedule are unnecessary. The total for these items will therefore be reduced by 50 percent, to .50 hours in 2004 and .20 hours in 2005.

Counsel for the plaintiff seeks reimbursement for three round trips to file documents at the U.S. Courthouse in Pikeville. The Court has also previously found that filing by certified mail, rather than incurring travel costs, is acceptable except for matters subject to statutory limitation, such as the filing of the complaint and of the EAJA petition. See King v. Barnhart, Pikeville Civil Action No. 01-266 (January

5

24, 2003). Counsel states that the three trips were for the filing of the complaint, the filing of the motion for summary judgment and memorandum, and the filing of the EAJA petition. Plaintiff's Response, Docket Entry No. 21, pp. 5-6. Since a motion for summary judgment is not customarily time-barred for late filing by the undersigned, travel expenses were not necessary in this one instance, and the amount of expenses will be reduced by one-third, to $69.42.

Regarding counsel's claim for an additional 10.10 hours to respond to the Commissioner's opposition to his original motion, counsel has conceded that at least one item on his original fee petition required clarification, and the Court has also concluded that some of the defendant's objections to the items listed were meritorious. Therefore, no additional fees will be granted for the additional attorney fee litigation.

Therefore, the Court finds a total of 6.20 compensable hours in 2004 at $100.00 an hour, and 39.95 compensable hours in 2005-6 at $125.00 an hour, for a total of $5,613.75 in fees, and $69.42 in expenses.

This the _20_ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

6